386 P.2d 406

**Gilbert N. ANDERSON and his wife, Ella B. Anderson, Plaintiffs and Respondents,**

v.

**E. Val ANDERSON, Defendant and Appellant.**

**No. 9854.**

Supreme Court of Utah.

Nov. 8, 1963.

Daines, Thomas & Hodges, Logan, for appellant.

Harris & Harris, Logan, for respondents.

HENRIOD, Chief Justice.

Appeal from a judgment that an escrow agreement relating to a land transfer violated the rule against perpetuities. Reversed with costs to appellant.

A deed was deposited with a bank, which, under the agreement, calling for a $26,500 purchase price, would be delivered to the buyer upon performance of all conditions set forth therein. The condition precipitating this litigation is that relating to amount and time of payment, and reads as follows:

"$500. May 1, 1959; $500, Dec. 1, 1959; $1,000, Oct. 1, 1960; $1,000 each Oct. 1 thereafter until the full purchase price with interest on all deferred payments at the rate of $4\frac{1}{2}\%$ per annum from Jan. 1, 1960, all payments to be applied first to the payment of accrued interest to date of payment and the balance on the principal. Option to buyer to pay any additional amount at any time."

It is obvious that the $1,000 yearly payments would not even pay the interest. There is some question as to what the parties intended in executing the agreement, that was not made an issue on this appeal, and the sole issue here is whether the contract, as a matter of law, violated the rule against perpetuities.

The record, so far as this appeal is concerned, consists of a colloquy between court and counsel, devoted mainly to compromise or modify the contract with respect to payment, where it was obvious that its terms could lead to ridiculous results, irrespective of any question anent the rule against perpetuities. It is a pity that the parties did not sit down and straighten

out this wholly regrettable and confusing contract. The trial court made a finding that defendant was delinquent in payment, apparently the outgrowth of a conditional but refused tender. This matter, and other facts are not before us under sworn testimony, nor are other matters that may be pertinent in this case. Hence, we canvass only the matter of perpetuities under the language of the contract.

It is urged that the language constitutes an option to buy land. It appears only to be an option to make advance payments under the contract, and not to vest any title. It is unnecessary for us to decide what it is, since we are constrained to hold that the escrow agreement, taken as a whole, is not an option contract. The offer to sell was accepted upon execution of the contract when the buyer agreed to buy, and there was not an open offer that was needed to be accepted to consummate a binding contract.[1]

■ It is urged further that the effect of the agreement was to create a perpetual lease,[2] and is therefore void. We need not decide the point. This is a conditional sale of land. By its specific terms plaintiffs "agree to sell" and defendant "agrees to buy" the subject property upon performance of a number of conditions, including the requirement that sellers, upon performance by the buyer, deliver a deed to the buyer, together with an abstract of title showing marketability of title and freedom from encumbrances. Hence we think the contention advanced to be without merit.

■ Since we are dealing only with a contract for the sale of land upon performance of condition, it must be treated in that character in any assault upon it by the rule against perpetuities weapon, the classic definition of which was enunciated by the eminent Professor Gray. "No interest is good unless it must vest, if at all, not later than 21 years after some life in being at the creation of the interest."[3] It is not necessary that the interest vest in possession but merely that "the persons to take it are ascertained and there is no condition precedent attached to the remainder other than the termination of the prior estates."[4]

■ In the instant case we are not construing a deed or a conveyance. The deed is in escrow, under a conditional sales *contract*, looking toward delivery and

---

1. 91 C.J.S. Vendor and Purchaser § 4, p. 833.
2. In any case, irrespective of its validity or invalidity for any reason, it does not offend the rule against perpetuities. To decide otherwise is to confuse remoteness of vesting with duration of interest, and the rule has nothing to do with the latter.
3. Gray, Rule Against Perpetuities, 4th ed. 1942, 191.
4. Morris and Leach, Rule Against Perpetuities, 2nd ed., 1.

resulting acquisition of legal title,[5] by virtue of such deed "conveying * * * title to the * * * premises." The buyer at no time acquires any legal estate under the terms of the escrow agreement, and it is not an interest presently created to take effect at a time beyond the perpetuity period, and the sellers, until such time as the deed is delivered, well might for value convey the fee, subject to knowledge on the part of the grantee, in which case equities in defendant would arise, or lacking such knowledge, litigation would arise under the escrow agreement for breach.

As to any argument that the agreement might give rise to an equitable interest, a point we need not decide, the simple answer is that, admitting such urgency, such equitable interest would have arisen and become vested when the contract was executed, consequently eliminating any question of an equitable interest vesting in futuro.

Since the escrow agreement does not purport to convey a legal interest presently, to take effect at a time offensive to the Rule, we conclude that the Rule is inapplicable.

Since it is apparent that court and counsel considered only the application of the Rule to the escrow agreement, that

being the only issue on appeal, and inasmuch as we determine that the Rule has no application here, by reversing the trial court, the case is remanded for further proceedings with respect to any other aspects of this case, if any there be, and anyone chooses to exploit them.

McDONOUGH, CALLISTER and WADE, JJ., concur.

CROCKETT, J., concurs in the result.

5. Craig v. White, 187 Cal. 489, 202 P. 648 (1921); Hart v. Barron, 122 Mont. 350, 204 P.2d 797 (1949); Waldock v.

Frisco Lbr. Co., 71 Okl. 200, 176 P. 218 (1918); 19 Am.Jur. 426, sec. 11.